# U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 25-2188

ANTHONY VENTO,
*Appellant*

v.

AVIS RENT A CAR; AVIS RENT A CAR, dba PUI HOLDINGS, CORP

---

Appeal from the U.S. District Court, E.D. Pa.
Judge John F. Murphy
No. 2:24-cv-03064

Before: MATEY, FREEMAN, and CHUNG, *Circuit Judges*
Submitted under Third Circuit L.A.R. 34.1(a) on March 16, 2026
Decided: March 25, 2026

---

NONPRECEDENTIAL OPINION [*]

CHUNG, *Circuit Judge*.  On April 5, 2022, Anthony Vento was seriously injured in a car accident caused by a driver named Deha Dogan, who was operating a car that he rented from Avis Rent a Car ("Avis").[1]  Vento sued Avis for negligently entrusting Dogan with one of its vehicles.  After Avis filed a motion to dismiss the Complaint and the parties submitted full briefing, the District Court dismissed the Complaint with leave to amend.  Vento filed an Amended Complaint on January 28, 2025, and again Avis moved to dismiss.

---

[*]   This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.
[1]   Because we write for the parties, we recite only the facts pertinent to our decision, taken from the Amended Complaint and deemed to be true for purposes of reviewing the District Court's dismissal.  In re Allergan Erisa Litig., 975 F.3d 348, 353 n.9 (3d Cir. 2020).

After full briefing, the District Court dismissed the Amended Complaint with prejudice on May 30, 2025. Vento timely appealed. We will affirm as Vento failed to plausibly allege that Avis knew or had reason to know that Dogan posed an unreasonable risk of harm and as he has forfeited any arguments based on 75 Pa. Const. Stat. § 1574.[2]

Section 308 of the Restatement (Second) of Torts, which has been adopted by the Commonwealth of Pennsylvania, defines the tort of negligent entrustment as follows:

> It is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others.

Ferry v. Fisher, 709 A.2d 399, 403 (Pa. Super. Ct. 1998) (quoting Restatement (Second) of Torts § 308) (emphasis removed).[3] A claim that a vehicle has been negligently entrusted to another requires showing that "(1) [the defendant] was the operator of the [] vehicle, (2) [the defendant] permitted [a third person] to use the car, and (3) [the defendant] knew or had reason to know [the third person] intended to or was likely to use the car in a manner which would create an unreasonable risk of harm to others." Spencer v. Johnson, 249 A.3d

---

[2]  The District Court had subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review appeals of Rule 12(b)(6) motions to dismiss de novo. Keystone Redevelopment Partners, LLC v. Decker, 631 F.3d 89, 95 (3d Cir. 2011).

[3]  "A ruling from the highest court in a state carries [authoritative] weight, as does a ruling from an intermediate state appellate court in the absence of 'persuasive data that the highest court of the state would decide otherwise.'" Ndungu v. Att'y Gen. United States, 126 F.4th 150, 171 (3d Cir. 2025) (quoting Singh v. Att'y Gen., 839 F.3d 273, 283 n.5 (3d Cir. 2016)). "Under that standard, a ruling by the Superior Court of Pennsylvania is ordinarily an authoritative source of Pennsylvania state law." Id. Neither party challenges the authoritative weight of the cited Superior Court decisions.

529, 564 (Pa. Super. Ct. 2021).

On appeal, Vento argues that Avis knew or should have known that Dogan was likely to use the rental car in a manner that would create an unreasonable risk of harm to others. This is so, Vento claims, because Dogan (1) presented a driver's license from a foreign country, and (2) did not present an international driver's permit.

Vento cites no case law supporting the conclusion that a driver's possession of a foreign driver's license and lack of an international driver's permit, without more, establishes a likelihood of creating an unreasonable risk of harm to others. Vento nonetheless argues that Avis had reason to know that Dogan would use the rental car negligently because Avis violated its own "screening protocol" for international rentals by not requiring Dogan to produce an international driver's permit. But Avis's international rental policy provided that Avis "may" require foreign drivers to present an international driver's permit; it did not mandate such permits. See A98 ¶ 23. Accordingly, the Complaint does not support an inference that Avis violated its policy when it did not request a permit from Dogan. Moreover, even if Avis's international permit policy was mandatory, a violation of this policy alone would not support a reasonable inference that (1) Dogan, a licensed driver, presented an unreasonable risk of harm and (2) Avis was on notice of such risk. Cf. Ferry, 709 A.2d at 404 (concluding that, although dealership failed to procure test driver's license, there was no evidence that the failure was a proximate cause of accident).

Vento further asserts, for the first time on appeal, that his negligence claim was also brought pursuant to 75 Pa. Const. Stat. § 1574. Vento's Complaint and Amended Complaint do not reference § 1574 at any point. However, even if Vento had alleged facts

in his Amended Complaint that could support a § 1574 claim, he never raised any argument based on § 1574 before the District Court and the argument is therefore forfeited. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 253 (3d Cir. 2007) ("[A]bsent exceptional circumstances, issues not raised before the district court are [forfeited] on appeal."); Brenner v. Local 514, United Bhd. of Carpenters & Joiners, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes [forfeiture] of the argument."); Barna v. Bd. of Sch. Directors of Panther Valley Sch. Dist., 877 F.3d 136, 147 (3d Cir. 2017) (explaining that forfeiture and waiver are "often used interchangeably by jurists and litigants," but forfeiture is "the failure to make the timely assertion of a right" while waiver is the "intentional relinquishment or abandonment of a known right" (citations omitted)). As exceptional circumstances do not warrant addressing Vento's forfeited § 1574 argument, we decline to review it.

* * * * *

For the reasons stated above, we will AFFIRM.